## MAYBEE *v.* MAYBEE.

*(Supreme Court, Special Term, New York County. January, 1889.)*

REFERENCE—DEATH OF REFEREE—POWERS OF SUCCESSOR.
    A referee appointed in the place of a deceased referee, whose duty to hear and report is partly performed, may state on information and belief what was done by his predecessor, and thus avoid the necessity of a new proceeding; and at the same time comply with Code Civil Proc. N. Y. § 1022, which provides that the report of the referee on the trial of the whole issue of fact must state separately the facts found and the conclusions of law.

At chambers. Motion to appoint a successor to a referee who had partly performed his duty to hear and report.

PATTERSON, J. It is not doubted that the court has power to appoint another referee in the place of one deceased. The only suggestion now made is that a new referee cannot report under oath the facts required to be set out by the section of the Code referred to on the argument.[1] But a new referee can state, on information and belief, what was done by his predecessor, and thus sufficiently comply with the requirement, and save the parties the expense, trouble, and possible loss of a new proceeding. Motion granted, and order signed.

1. WILLS—REPUGNANT CLAUSES—TESTAMENTARY POWERS.
    A testator in one clause of his will authorized his executors to sell a specified portion of his lands, and expressed his desire that it should be sold in a body, for

[1] Code Civil Proc. § 1022, provides: "The decision of the court or the report of the referee, upon the trial of the whole issue of fact, must state separately the facts found and the conclusions of law, and it must direct the judgment, to be entered thereupon. "